UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:98-CR-22 |
| V. | ) | (JARVIS/SHIRLEY) |
| | ) | |
| | ) | |
| WILLIE BOSCO JACK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the undersigned on June 1, 2006 for a scheduled preliminary hearing and detention hearing. Assistant United States Attorney Mike Winck was present representing the government. Attorney Jonathan Cooper was present representing Defendant Willie Jack, who was also present.

On May 15, 2006, U.S. Probation Officer, Scott Smith, filed a Petition For Warrant For Offender Under Supervision [Doc. 43], stating that the defendant had violated certain conditions of his supervised release. District Court Judge Jarvis ordered [Doc. 43] that a warrant be issued and that the defendant appear for a hearing to determine whether the term of supervision should be revoked. At the initial appearance, held on May 30, 2006, the government sought to have the defendant detained pending his revocation hearing before District Court Judge James H. Jarvis, arguing that there were no conditions of release that would reasonably assure the safety of the community or the defendant's presence at future court proceedings. The defendant objected to the

1

detention and, thus, requested a preliminary hearing and a detention hearing. On June 1, 2006, a preliminary hearing and a detention hearing were held and, at the request of the government, the hearings were conducted separately.[1]

At the preliminary hearing, the government called U.S. Probation Officer, Scott Smith, to testify as its only witness. Based on Officer Smith's testimony, and pursuant to Fed. R. Crim. P. 32.1(b)(1), this Court made an oral ruling, finding that there is probable cause to believe that the defendant violated the conditions of his supervised release.

Next, the Court conducted the detention hearing. At this hearing, counsel for the defendant indicated that he would not call any witnesses to testify and stated that he would, instead, stand on Officer Smith's preliminary hearing testimony. The Court's oral ruling, as to the issue of detention, is attached hereto and made a part of this Order as if stated therein verbatim.

For the reasons stated therein, I find, pursuant to Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143, that the defendant has not met the burden of establishing, by clear and convincing evidence, that he will not flee or pose a danger to any other person or to the community if released. Furthermore, the Court finds that there are no conditions or combination of conditions of release that would reasonably assure the Court that the defendant would not pose a danger or would appear as ordered if released.

It is therefore **ORDERED** that the defendant, Willie Bosco Jack, be detained pending his revocation hearing, which is scheduled for **June 7, 2006 at 2:30 p.m.**, before District Court Judge Jarvis. The defendant will be committed to the custody of the Attorney General or his

---

[1] While the government must establish probable cause at a preliminary hearing, pursuant to 18 U.S.C. § 3143(a) and Rule 32.1(6), the burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person.

designated representative for confinement in a correction facility separate to the extent practicable from persons awaiting sentencing or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. Upon order of this Court or a Court of the United States or upon request of the attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshals for the purpose of an appearance in connection with a Court proceeding.

**IT IS SO ORDERED.**

ENTER:

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge