UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:98-CR-22 |
| V. | ) | (JARVIS/SHIRLEY) |
| | ) | |
| | ) | |
| WILLIE BOSCO JACK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the undersigned on June 12, 2006 for a scheduled preliminary hearing. Assistant United States Attorney Mike Winck was present representing the government. Attorney Jonathan Cooper was present representing Defendant Willie Jack, who was also present.

On May 15, 2006, U.S. Probation Officer, Scott Smith, filed a Petition For Warrant For Offender Under Supervision [Doc. 43], stating that the defendant had violated three (3) conditions of his supervised release. District Court Judge Jarvis ordered [Doc. 43] that a warrant be issued and that the defendant appear for a hearing to determine whether the term of supervision should be revoked. At the initial appearance, held on May 30, 2006, the government sought to have the defendant detained pending his revocation hearing before District Court Judge James H. Jarvis, arguing that there were no conditions of release that would reasonably assure the safety of the community or the defendant's presence at future court proceedings. The defendant objected to the

1

detention and, thus, requested a preliminary hearing and a detention hearing. On June 1, 2006, a preliminary hearing and a detention hearing were held. The only issues addressed during the June 1 preliminary hearing were the three grounds contained in the May 15, 2006 Petition [Doc. 43]. The undersigned ruled that the government met its burden of establishing probable cause and also detained the defendant pursuant to Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143 [Doc. 49-1].

On June 5, 2006, U.S. Probation Officer, Scott Smith, amended his original Petition [Doc. 50] to include a fourth ground in support of his contention that the defendant had violated the terms of his supervised release. The defendant, in turn, filed a motion [Doc. 51] requesting that the Court either remand the case for further Preliminary Hearing or quash the new allegations contained in the amended Petition. District Court Judge Jarvis ordered [Doc. 43] the case be remanded to the undersigned for a preliminary hearing on the amended petition.

At the June 12, 2006, preliminary hearing on the amended petition, the government stated to the Court that the statute cited, T.C.A. 39-16-602, by Officer Smith in the Amended Petition [Doc. 50] was incorrect and sought to amend/edit/revise the Amended Petition in order that it would instead reflect that the "defendant is in violation of T.C.A. § 39-16-603(a), Evading Arrest, and T.C.A. § 55-8-104, Compliance with lawful orders or directions of police officers." Defense counsel stated that it had no objection to the government's proposed amendment. Thus, the Court finds that pursuant to agreement of the parties and for good cause shown, that the Amended Petition [Doc. 50] should be and hereby is amended as noted herein.

At the June 12, 2006 preliminary hearing, the government called Trooper, Kevin Hoppe, and U.S. Probation Officer, Scott Smith, to testify. Based on their testimony, and pursuant

2

to Fed. R. Crim. P. 32.1(b)(1), this Court made an oral ruling, finding that there is probable cause to believe that the defendant violated the condition of his supervised release, to the extent that he violated T.C.A. § 39-16-603(a), Evading Arrest, and T.C.A. § 55-8-104, Compliance with lawful orders or directions of police officers.

With regard to further scheduling, the Court set a new revocation hearing for **June 22, 2006 at 2:00 p.m.**, before District Court Judge Jarvis.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge