IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:98-CR-22 |
| | ) | (VARLAN/SHIRLEY) |
| WILLIE BOSCO JACK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION PENDING REVOCATION HEARING**

This case came before the Court on August 14, 2008, for a preliminary hearing and detention hearing to determine the defendant's release status pending his hearing before the District Court on the revocation of the defendant's supervised release. See 18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1(6). Assistant United States Attorney David C. Jennings was present on behalf of the government. Attorney Jonathan D. Cooper was present representing the defendant, who was also present. The government requested that the defendant remain in custody pending his revocation hearing. The defendant sought release pending his revocation hearing and requested both a preliminary hearing and a detention hearing.

At the hearing, United States Probation Officer Scott Smith testified for the government that he had first supervised the defendant upon the defendant's release from incarceration on August 13, 2004. On May 15, 2006, he filed a violation report alleging that the defendant had failed to report as required and to report for drug testing. Mr. Smith stated

1

that the defendant had tested positive for marijuana in a March 29, 2006 drug screen and had then failed to appear for six scheduled drug screens in April and May of 2006. In June 2006, Mr. Smith amended the petition to also allege that the defendant had twice fled from officers attempting to stop him for violations of state law. The second instance resulted in the defendant being arrested after being subdued with a TASER three times. The defendant's supervised release was revoked on June 22, 2006, and he served eighteen months in incarceration.

Mr. Smith testified that he defendant was again placed on supervised release under his supervision on October 5, 2007. In December 2007, the defendant appeared for a drug screen and submitted a urine specimen that appeared to be diluted. Mr. Smith sent the specimen to a laboratory for testing, and the laboratory reported that the specimen was invalid. On January 25, 2008, the defendant tested positive for marijuana use and admitted in writing that he had used marijuana. Mr. Smith sent the defendant to Midway Sanctions Center for drug counseling. The defendant tested positive for marijuana use in tests conducted by Midway once each in the months of February, April, May, and June 2008. On the first occasion, the defendant admitted using marijuana, but he denied use at the four subsequent tests. All of the positive screens by Midway were confirmed by further laboratory testing. On July 9, 2008, Mr. Smith filed the current petition, alleging that the defendant had violated his conditions of release by using a controlled substance.

On cross-examination, Mr. Smith testified that upon the defendant's release from prison, the defendant began working in food services at U.T. hospital. The defendant was

2

laid off from this position in January 2008. During the time that Midway was conducting the defendant's drug screens, he was being tested two or three times monthly. Aside from the four positive tests at Midway that Mr. Smith had testified about earlier, all of the defendant's remaining tests at Midway were negative for drug use. Mr. Smith stated that after he filed the petition for a warrant on July 9, 2008, the defendant was arrested on August 13, 2008. All of the defendant's drug screens in July were negative. Prior to his arrest, the defendant had been working for a temporary agency, had maintained his own apartment, had reported to Mr. Smith as required, and had attended counseling at Midway as well as anger management counseling.

The defendant testified on is own behalf that since June 2008, he had leased an apartment in his own name. He paid the rent and utilities for this apartment. He had also been working with a temporary service during that time. The defendant stated that if released, he would appear as required for his bond revocation hearing. Defense counsel noted that the defendant' mother and sister were present in the courtroom to support him.

With regard to a probable cause finding, the government argued that the defendant had twice admitted using marijuana while on supervised release. Regarding detention, it asserted that the defendant had repeatedly used marijuana in violation of his conditions of release. It maintained that if the defendant were released pending his revocation hearing, he would continue to possess and use drugs and would be a danger to the community.

Defense counsel argued that the defendant had demonstrated improvement during his second period of supervised release: He has maintained employment and his own residence

3

and has appeared for drug screens as requested even when they were positive. He asserted the fact that the petition was filed on July 9 but the defendant was not arrested until August 13 belied the government's position that he was a danger to the community. He also pointed out that the defendant had family ties as well as ties to the community.

Considering the testimony and arguments at the hearing along with the Court file, the Court finds **PROBABLE CAUSE** to believe that the defendant has violated the conditions of his release by using a controlled substance, specifically marijuana. The Court bases this finding on Mr. Smith's testimony as well as the defendant's own admissions to Mr. Smith and the employees of Midway.

With regard to detention, the Court typically orders pretrial detention of the defendant only if it finds no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any person or the community. 18 U.S.C. § 3142(e). With respect to the release or detention of persons appearing for an alleged violation of probation or supervised release, the Court shall order that the defendant be detained unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community if released. 18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1(6). The defendant bears the burden of establishing that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(6).

As set forth fully at the detention hearing, the Court found that the defendant tested positive for marijuana five times following his release on conditions in October 2007 and that he admitted using marijuana twice. Although it is not required to do so, the Court has

4

weighed the factors set forth in 18 U.S.C. § 3142(g) and finds that they weigh in favor of detention. The nature and circumstances of the violations in this case involve drug use, which weighs in favor of detention. See 18 U.S.C. § 3142(g)(1). As the Court has already found probable cause to believe the violation occurred as alleged, the weight of the evidence against the defendant also favors detention in this case. See 18 U.S.C. § 3142(g)(2). The third factor focuses on the defendant's history and characteristics. See 18 U.S.C. § 3142(g)(3). In this case, evidence regarding the defendant's family ties, recent employment history, financial resources, community ties, and previous history of appearing for court all argue in favor of release, but the Court finds that these characteristics reflect upon whether the defendant is a flight risk, rather than whether he is a danger. On the other hand, the defendant's past conduct, history of drug abuse, and his criminal history all weigh in favor of detention. These factors indicate that the defendant is a danger to the community. Also, the Court finds that the defendant was on federal supervised release at the time he committed the alleged violation, a fact which also supports detention. See 18 U.S.C. § 3142(g)(3)(B). The final factor looks to the nature and seriousness of the danger that would be posed by the defendant's release. See 18 U.S.C. § 3142(g)(4). In this regard, the Court finds that despite the defendant's seeming improvement in other areas during this second term of supervised release, he has continued to use drugs.

Ultimately, the Court finds that the defendant's actions speak louder than his words. The defendant has failed to carry his burden of showing that he is not a danger to the community. The Court is not persuaded in this regard, much less by clear and convincing

5

evidence, and finds that the defendant is a danger to the community. Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the safety of the community, and therefore, the defendant is **ORDERED DETAINED** pending his revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. The defendant is **ORDERED** to appear for a revocation hearing before United States District Judge Thomas A. Varlan on **September 3, 2008, at 2:30 p.m.**

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge