UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:98-CR-22 |
| | ) | (VARLAN/SHIRLEY) |
| WILLIE JACK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the Defendant's Motion to Prohibit *Ex Parte* Communication by U.S. Probation Office. [Doc. 86.] Defendant moves the Court to prohibit any *ex parte* communications by the U.S. Probation Office with the Court in connection with the Defendant's pending revocation proceedings. The Government has filed a response in opposition to Defendant's motion. [Doc. 88.] After carefully considering the parties' filings [Docs. 86, 87, 88] and the relevant law, the Court will deny Defendant's Motion to Prohibit *Ex Parte* Communication by U.S. Probation Office. [Doc. 86.]

**I.  ANALYSIS**

In support of his request for a prohibition on *ex parte* communications, Defendant contends that the U.S. Probation Office is adverse to the Defendant in revocation proceedings because it instigates the proceeding and requests an outcome adverse to the defendant. Defendant relies on Fed. R. Crim. P. 32.1(b)(2)(B), which provides for "disclosure of the evidence against the person." Defendant suggests that he would be prevented from having

the opportunity to challenge information provided by the U.S. Probation Office to the Court via *ex parte* communications. Defendant also relies on a recent Sixth Circuit decision that resulted in remand for resentencing where a defendant was sentenced on the basis of the improper *ex parte* communications between the district judge and probation and pretrial services officers. *United States v. Christman*, 509 F.3d 299 (6th Cir. 2007). The Government responds that *Christman* is factually distinguishable because the defendant in that case was not given a meaningful opportunity to respond to the inappropriate communications by the probation officer and pretrial services officer. In contrast, the Government contends that Defendant had a full opportunity to cross-examine the probation officer as to the specifics of his offenses. Furthermore, unlike in *Christman*, the Government contends that there is no indication of improper communications between the district court and the U.S. Probation Officer.

The Court is unpersuaded that the U.S. Probation Office is adversarial to Defendant's interests in the present revocation proceedings. In the context of sentencing, "the probation officer has no fealty to either side, but remains accountable to the court for accurately reporting the facts and the legal conclusions that fairly flow from them in order to assist the court in discharging its sentencing responsibilities." *United States v. Espalin*, 350 F.3d 488, 494 (6th Cir. 2003) (Lawson, J., concurring). *See also United States v. Johnson*, 935 F.2d 47, 49-50 (4th Cir. 1991) ("Throughout the process of interviewing a defendant, preparing a presentence report, and discussing the report during a presentence conference with the court, a probation officer continues to be a neutral information-gathering agent of the court,

2

not an agent of the prosecution.") Likewise in the revocation of supervised release context, the Sixth Circuit has recognized that "[i]n filing a petition to revoke supervised release, the probation officer merely acts as an agent for the district court and gives the court the information necessary to make that determination." *United States v. Cofield*, 233 F.3d 405, 409 (6th Cir. 2000) (citation omitted). Thus, because the probation officer is acting as an arm of the court, "the sentencing judge and the probation officer may discuss the presentence report and sentence outside the defendant's presence." *United States v. Gonzales*, 765 F.2d 1393, 1398 (9th Cir. 1985) (citations omitted).

Nevertheless, the Sixth Circuit has also recognized that there are parameters to acceptable *ex parte* communications between probation officers and the district court. *Christman*, 509 F.3d at 310. Those limits were exceeded when the trial judge in *Christman* acknowledged reliance on "undisclosed *ex parte* information of dubious accuracy at sentencing," namely, "feelings" the probation and pretrial services officers had that were not "based on anything they had observed or seen or done or conversations they had with [the defendant]." *Id.* at 303-04, 309-10. The Sixth Circuit noted that the trial judge in *Christman* suffered a lapse of judgment in disregarding attempts to impermissibly influence a sentencing decision. *Id.* at 612 (citing *Espalin*, 350 F.3d at 490).

After careful consideration, the Court does not find that Sixth Circuit case law stands for the proposition that all *ex parte* communications between the Court and the U.S. Probation Office should be prohibited in revocation proceedings. As noted by the Sixth Circuit, *Christman* involved unique circumstances, namely, improper communications by the

3

probation and pretrial officers *and* the sentencing judge's improper reliance on such communications. *Christman*, 509 F.3d at 311. Extreme circumstances akin to those in *Christman* are simply lacking in the present case. To the extent Defendant expresses concern that the probation officer "may offer, or may be asked to offer, factual details" improperly, the Court notes that there is no presumption that a probation officer will act improperly. *Id*. at 309 (quoting *Johnson*, 935 F.2d at 51). Furthermore, the Sixth Circuit has recognized that "the trial judge is the filter between the recommendation of the probation officer and the sentence imposed" and that appellate relief "would be available only if improper actions of a probation officer resulted in the trial judge making a reviewable sentencing error of a type requiring reversal or remand." *Espalin*, 350 F.3d at 490. Such were the circumstances in *Christman*, where the trial judge openly acknowledged improper reliance on the statements by the probation and pretrial services officers. However, such unique circumstances are absent in this case, and the Court is unpersuaded that cases like *Christman* support Defendant's request in the context of the present case.

## II. CONCLUSION

Accordingly, the Defendant's Motion to Prohibit *Ex Parte* Communication by U.S. Probation Office [Doc. 86] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
